UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BAYSA BLOCH,

        Petitioner,

        -against-                                      **MEMORANDUM AND ORDER**
                                                                     09-CV-3963(RRM)
BARUCH BLOCH,

        Respondent.
-------------------------------------------------------X

**MAUSKOPF, United States District Judge.**

Petitioner Baysa Bloch ("Petitioner") appeals an order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") denying her motion for relief from the automatic stay. For the reasons that follow, the order of the Bankruptcy Court denying Petitioner's motion to lift the automatic stay is VACATED, and the matter is REMANDED to the Bankruptcy Court for further findings consistent with this decision.[1]

**I.    BACKGROUND**

On May 25, 2006, the parties were divorced pursuant to a judgment entered by the New York Supreme Court, Kings County (the "Divorce Judgment"). *See* Divorce Judgment, *Bloch v. Bloch*, No. 16252/04 (N.Y. Sup. Ct. May 25, 2006). The court ordered respondent Baruch Bloch ("Respondent") to pay Petitioner, *inter alia*, approximately $3,600 per month for spousal maintenance and $1,000 per month for child support. *See id.* at 7, 13.

On February 4, 2009, Respondent filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court. *See* Chapter 7 Petition, *In re Baruch Bloch*, No. 09-40810 (Bankr. E.D.N.Y. Feb. 4, 2009). On February 16, 2009, Petitioner filed a motion to dismiss Respondent's bankruptcy petition or, in the alternative, to lift the automatic stay to

---

[1] As this Court vacates the order of the Bankruptcy Court, Petitioner's appeal of the denial of her reconsideration motion is dismissed as moot.

allow Petitioner to enforce the Divorce Judgment. Respondent opposed both motions. The trustee filed an objection to Petitioner's motion to dismiss the bankruptcy case, but did not oppose Petitioner's motion to lift the automatic stay. *See* Minutes of Proceeding, *In re Baruch Bloch*, No. 09-40810, at 10 (Bankr. E.D.N.Y. May 14, 2009).

On May 14, 2009, the Bankruptcy Court, in an oral opinion, denied both the motion to dismiss and the motion to lift the automatic stay. *See id.* at 18–19. Petitioner moved for reconsideration and, on July 31, 2009, the Bankruptcy Court denied that motion. *See* Order Denying Motion for Reconsideration, *In re Baruch Bloch*, No. 09-40810, at 1 (Bankr. E.D.N.Y. May 14, 2009).

Petitioner now appeals from the Bankruptcy Court's order denying her motion to lift the automatic stay. Petitioner seeks review of the Bankruptcy Court's holding that the automatic stay prohibits her from enforcing certain domestic support obligations against Respondent's non-estate assets and withholding income of the bankruptcy estate or the debtor's property for payment of those obligations.

## II. APPLICABLE LAW

a. Standard of Review

The district courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. § 158(a)(1); *In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993) ("the district court acts as an appellate court in reviewing a bankruptcy court's judgments."). An order is final if "[n]othing in the order . . . indicates any anticipation that the decision will be reconsidered." *U.S. Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'Ship)*, 101 F.3d 253, 256 (2d Cir. 1996). Findings of fact are reviewed for clear error. *See Fed. R. Bankr. P. 8013* ("Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall

be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *see also Cody v. Cnty. of Orange (In re Cody, Inc.)*, 338 F.3d 89, 94 (2d Cir. 2003). Conclusions of law are reviewed *de novo*. *See In re 139-141 Owners Corp.*, 313 B.R. 364, 367 (S.D.N.Y. 2004) (citing *N.Y. Typographical Union No. 6 v. Maxwell Newspapers, Inc. (In re Maxwell Newspapers, Inc.)*, 981 F.2d 85, 89 (2d Cir. 1992)). Since bankruptcy courts have discretion to decide whether to lift the automatic stay, district courts may overturn the denial of a motion to lift a stay only upon a showing of abuse of discretion. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Ionosphere Clubs Inc.*, 133 B.R. 5, 7 (S.D.N.Y. 1991). The "findings and conclusions [of bankruptcy courts] must, however, at least be sufficient to permit meaningful appellate review; and where such findings and conclusions are lacking, [district courts] may vacate and remand." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999) (citing *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698, 704 (2d Cir. 1990); *Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990)).

 b. <u>The Automatic Stay</u>

Filing a bankruptcy petition results in the automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1). By preventing piecemeal enforcement of debts against the debtor, the automatic stay "'promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors . . . .'" *Musso v. Ostashko*, 468 F.3d 99, 104 (2d Cir. 2006) (quoting 5 *Collier on Bankruptcy* P 541.01 (15th ed. Rev. 2005). The Bankruptcy Code, however, excepts from the automatic stay certain

enumerated proceedings, including "the collection of a domestic support obligation from property that is not property of the estate . . . ." 11 U.S.C. § 362(b)(2)(B).[2] Also excepted from the automatic stay are proceedings "with respect to withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or statute." 11 U.S.C. § 362(b)(2)(C). In a Chapter 7 case, the automatic stay is also lifted as to non-estate property at the "time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C).

### c. Domestic Support Obligations

Normally, "'a discharge in bankruptcy relieves a debtor from all pre-petition debt, and [11 U.S.C.] § 524(a) permanently enjoins creditor actions to collect discharged debts.'" *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 94 (2d Cir. 2010) (quoting *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000)). Domestic support obligations, such as spousal maintenance and child support, however, are not dischargeable and thus survive the bankruptcy discharge. *See* 11 U.S.C. § 523(a)(5); *In re Bezoza*, 271 B.R. 46, 51 (Bankr. S.D.N.Y. 2002).

Domestic support obligations are "'created and defined by state law.'" *In re Stephen E. Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)). However, whether "an award made in the context of a matrimonial dispute is a domestic support obligation is a question of federal law." *Chase v. Chase (In re Chase)*, No. 06–CV–13743 (SAS), 2008 U.S. Dist. LEXIS 4695, at *6 (S.D.N.Y. Jan. 22, 2008) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 364 (1977)). Moreover, "the question whether a debt meets the statutory requirement for being in the nature of support is a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous." *Falk & Siemer v.*

---

[2] While it refers only to non-estate property, section 362(b)(2)(B) of the Bankruptcy Code also permits the collection of domestic support obligations from the debtor's "exempt" property. *See In re Cole*, 202 B.R. 356, 358–9 (Bankr. S.D.N.Y. 1996); *see generally* 11 U.S.C. § 522 (defining the debtor's exempt property).

4

*Maddigan (In re Maddigan)*, 312 F.3d 589, 595 (2d Cir. 2002) (citing *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir. 1987)). The bankruptcy court must determine the intent of the parties and consider as relevant "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent." *Brody v. Brody (In re Brody)*, 3 F.3d 35, 38 (2d Cir. 1993).

    d. <u>Non-Estate Property</u>

Section 541 of the Bankruptcy Code provides that the commencement of a bankruptcy case "creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Given the wide scope of this definition, the bankruptcy estate includes nearly all of the debtor's property that is available for distribution to creditors. The Bankruptcy Code, however, excludes certain property from the debtor's estate, such as "earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6); *In re Bezoza*, 271 B.R. 46, 53 n.12 (Bankr. S.D.N.Y. 2002). The bankruptcy court, "rather than another court," is the proper "forum to decide whether a property is the property of the estate." *LTV Steel Co., Inc. v. Bd. of Educ. (In re Chateaugay Corp. Reomar, Inc.)*, 93 B.R. 26, 29 (S.D.N.Y. 1988) (quoting *Neuman v. Leffler (In re Neuman)*, 71 B.R. 567, 573 (S.D.N.Y. 1987)).

### III. DISCUSSION

Petitioner argues that the Bankruptcy Court erred in holding that the automatic stay prohibits her from collecting domestic support obligations from Respondent's non-estate assets and withholding income from the bankruptcy estate or the debtor's property for payment of those obligations. *See* Pet. Mem. at 6. Respondent counters that the Bankruptcy Court properly denied Petitioner's motion because Petitioner failed to satisfy the "for cause" standard for lifting the automatic stay that is required by section 362(d)(1) of the Bankruptcy Code. *See* Resp.

Mem. at 11 (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990)). This counter-argument misses the mark entirely. Because Petitioner relies on specific exceptions to the automatic stay in sections 362(b)(2)(B) and (C) of the Bankruptcy Code—and not the catch-all exception in section 362(d)(1)—the section 362(d)(1) "for cause" standard is irrelevant. *Compare* 11 U.S.C. § 362(b)(2)(B) ("filing of a [bankruptcy] petition . . . *does not* operate as a stay . . . of the collection of a domestic support obligation from property that is not property of the estate" (emphasis added)), *with* 11 U.S.C. § 362(d)(1) ("after notice and a hearing, the court shall grant relief from the stay . . . *for cause* . . . ."(emphasis added)); *see also Allen v. Allen (In re Allen)*, 275 F.3d 1160, 1163 (9th Cir. 2002) (contrasting the different standards for lifting the stay pursuant to sections 362(b)(2) and 362(d)(1) and noting that "because the bankruptcy filing does not operate as a stay of the[] specific proceedings [listed in section 362(b)(2)], good cause is not at issue under [section 362(b)(2)]"). In short, the Bankruptcy Court need not weigh the *Sonnax* "for cause" factors before deciding whether to lift the automatic stay under sections 362(b)(2)(B) and (C) because those sections represent specific exceptions to the automatic stay that do not require a finding of "cause."

The applications of sections 362(b)(2)(B) and (C) each require a two-step inquiry. In applying section 362(b)(2)(B), the Bankruptcy Court must first determine whether Respondent has domestic support obligations to Petitioner and, second, whether there are non-estate assets from which Petitioner can collect those obligations. *See Chase v. Chase (In re Chase)*, 392 B.R. 72, 82 (Bankr. S.D.N.Y. 2008) (explaining that the decision whether to lift the stay pursuant to section 362(b)(2) "requires a two-fold determination: (1) the court must determine whether or not the debt was for 'the collection of alimony, maintenance, or support;' and (2) the court must determine whether the property sought to be collected was property of the estate"). The inquiry

under section 362(b)(2)(C) also requires two steps: first, whether Respondent has domestic support obligations to Petitioner and, second, whether there is income of the bankruptcy estate or the debtor's property that Petitioner may withhold for payment of those obligations.[3]

In an oral ruling, the Bankruptcy Court rejected Petitioner's motion to lift the automatic stay without addressing any of these threshold questions:

> Since this case is going to remain in this court, I think it is within the jurisdiction of the Court to, in its review of the case, determine the questions regarding income and debts in the first instance. And therefore I deny the application for stay relief set forth in the application as well.

Minutes of Proceeding, *In re Baruch Bloch*, No. 09-40810, at 18 (Bankr. E.D.N.Y. May 14, 2009).

The Bankruptcy Court correctly stated that it has jurisdiction to determine whether marital awards constitute "domestic support obligations" under the Bankruptcy Code. *See Falk & Siemer v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595 (2d Cir. 2002). The Bankruptcy Court likewise has jurisdiction to decide whether there are non-estate assets, such as post-petition

---

[3] Section 362(c)(2)(C) of the Bankruptcy Code provides Petitioner with an alternative avenue around the automatic stay. In a Chapter 7 case, the automatic stay is lifted as to non-estate property at the time of discharge. 11 U.S.C. § 362(c)(2)(C). On May 27, 2009, Respondent received a bankruptcy discharge. *See* Discharge Order, *In re Baruch Bloch*, No. 09-40810, at 1 (Bankr. E.D.N.Y. May 27, 2009). In determining the relevance of section 362(c)(2)(C), however, the Bankruptcy Court must engage in the same analysis as it would in applying section 362(b)(2)(B). The court must first decide whether respondent has domestic support obligations, which are non-dischargeable, and then determine the availability of non-estate assets against which such obligations could be satisfied. *See* 11 U.S.C. §§ 523(a)(5), 541(a)(6); *In re Bezoza*, 271 B.R. 46, 53 n.12 (Bankr. S.D.N.Y. 2002).

income, from which Petitioner could satisfy such obligations. *See LTV Steel Co. v. Bd. of Educ. (In re Chateaugay Corp. Reomar, Inc.)*, 93 B.R. 26, 29 (S.D.N.Y. 1988).[4]

As shown above, however, the Bankruptcy Court did not address the existence of domestic support obligations, the availability of non-estate assets, or whether there is income of the bankruptcy estate or the debtor's property that may be withheld for payment of domestic support obligations. Thus, the Bankruptcy Court did not provide findings of fact or law "sufficient to permit meaningful appellate review," and its decision must be "vacate[d] and remand[ed]." *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d at 142. On remand, the Bankruptcy Court must determine whether, and to what extent, the awards provided for in the Divorce Judgment constitute domestic support obligations and, if so, whether there exist any non-estate assets from which such obligations could be collected. If the Bankruptcy Court determines that Respondent has domestic support obligations, the Court must then decide whether to permit "withholding of income that is property of the estate or property of the debtor for payment of [those] domestic support obligation[s.]" 11 U.S.C. § 362(b)(2)(C).

---

[4] Petitioner presents two jurisdictional arguments in support of her appeal that merit only brief discussion. First, Petitioner claims that the Bankruptcy Court erred in "assuming jurisdiction over the Debtor's domestic support obligation notwithstanding the 'domestic relations exception,' pursuant to which Federal Courts lack jurisdiction over domestic relations matters . . . ." Pet. Mem. At 2. Second, Petitioner contends that the Bankruptcy Court failed to give "full faith and credit" to the Divorce Judgment. *Id.* Neither argument is valid. As discussed above, bankruptcy courts have jurisdiction to determine whether marital awards constitute "domestic support obligations" under the Bankruptcy Code. *See Falk & Siemer v. Maddigan (In re Maddigan)*, 312 F.3d at 595. In the course of this analysis, bankruptcy courts do not alter the underlying marital awards, which are "created and defined by state law," but instead determine whether the marital awards meet the criteria for "domestic support obligations" under the Bankruptcy Code. *In re Cole*, 202 B.R. at 360. Accordingly, there is nothing in the record here to suggest that the Bankruptcy Court did not afford the state law Divorce Judgment full faith and credit.

8

## IV. CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court denying Petitioner's motion to lift the automatic stay is VACATED, and the matter is REMANDED to the Bankruptcy Court for further findings consistent with this opinion. This case is now closed, and the Clerk of the Court is therefore directed to close it on the docket.

SO ORDERED

Dated: Brooklyn, New York
      September 23, 2010

_____

ROSLYNN R. MAUSKOPF
United States District Judge